**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2294-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUCIUS SMITH,

    Defendant-Appellant.

_____

Submitted January 29, 2018 — Decided August 13, 2018

Before Judges Ostrer and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 10-05-0835.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Lucius Smith appeals from the trial court's order denying, after a testimonial hearing, his timely petition for post-conviction relief.  We affirm.

A jury found defendant guilty of first-degree felony-murder and robbery; and second-degree aggravated assault, and conspiracy to commit robbery. Defendant and several cohorts attacked a man as he walked down the street in Jersey City. They chased him, took his wallet, and beat him with a brick, fracturing his skull and killing him. Defendant received an aggregate forty-year sentence, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed the conviction and sentence on direct appeal. State v. Smith, No. A-1176-12 (App. Div. July 10, 2015), certif. denied, 223 N.J. 556 (2015).

In collaterally challenging his conviction, defendant alleged his trial attorney provided ineffective assistance because he did not adequately advise him about a plea offer; he recommended that he not testify in his own defense; and he did not file a pre-trial motion to dismiss the felony murder count. After hearing testimony from defendant's trial counsel and defendant, Judge Mitzy Galis-Menendez rejected defendant's contentions. The judge applied the well-established two-pronged Strickland standard for demonstrating a prima facie case of ineffective assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984) (stating that a petitioner must show that counsel performed so deficiently as to deny the constitutional right to counsel, and prejudice resulted). The

judge found that defendant failed to prove his attorney performed deficiently.

The judge credited trial counsel's testimony that he adequately informed defendant of his right to testify at trial. Counsel acknowledged that he advised defendant not to testify, because the State lacked physical evidence to tie defendant to the crime; defendant was unidentifiable in a video; and cooperating co-defendants' testimony was inconsistent and subject to challenge as self-interested. Counsel believed defendant could hurt his chances of acquittal if he testified, because he would place himself at the scene and might be rattled on cross-examination. Citing State v. Davis, 116 N.J. 341 (1989), the court concluded that counsel's advice was a reasonable strategic decision.

The judge also credited trial counsel's testimony that he secured a twenty-year plea offer from the trial prosecutor. Counsel advised defendant to accept it, and defendant agreed only after some cajoling, but the prosecutor's supervisor disapproved the offer and required a twenty-five year sentence. Judge Galis-Menendez found that defendant then rejected the twenty-five year offer and decided to go to trial. Thus, there was no failure to keep defendant adequately informed of plea negotiations.

The court also rejected defendant's argument that his trial counsel was deficient by failing to file a motion to dismiss the

felony murder charge. Trial counsel believed that the viability of the charge needed to be tested at trial. The court concluded that was a reasonable assessment.

On appeal, defendant challenges each of the court's conclusions, and argues, in a single point:

> DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ENTITLING HIM TO POST CONVICTION RELIEF.
>
> (A) Counsel was ineffective for advising the defendant not to testify at trial.
>
> (B) Counsel was ineffective for failing to sufficiently notify defendant of a plea offer of twenty-five years which undermined his ability to make an intelligent decision of whether to accept the offer.
>
> (C) Counsel was ineffective for failing to file a motion to dismiss the charge of felony murder.

We defer to a trial court's factual findings made after an evidentiary hearing on a petition for PCR. State v. Nash, 212 N.J. 518, 540 (2013). Mindful of the trial judge's opportunity to hear and see live witnesses, "we will uphold the PCR court's findings that are supported by sufficient credible evidence in the record." Ibid. We review de novo issues of law. Ibid. Applying that standard of review, we affirm substantially for the reasons set forth in Judge Galis-Menendez's cogent written opinion.

We add the following brief comments.

With respect to the plea offer, defendant was obliged to show that but for the ineffective advice of counsel, he would have accepted the plea offer and received a lesser sentence than he received after trial. See Lafler v. Cooper, 566 U.S. 156, 163-64 (2012). Defendant failed to show his trial counsel's advice was ineffective. The court credited defendant's counsel. He testified he told defendant he could still take the twenty-five-year plea deal, but defendant decided to go to trial.

As for the right to testify, the decision to waive that right rested with the defendant. State v. Savage, 120 N.J. 594, 631 (1990). Defendant admitted that counsel apprised him of his right to testify. Trial counsel testified that he advised against it, and explained to defendant his reasoning. Counsel had subjected defendant to a mock cross-examination, to demonstrate the difficulty he would have on the stand. Defendant was convinced. "[I]t is the responsibility of a defendant's counsel . . . to advise defendant on whether or not to testify and to explain the tactical advantages or disadvantages of doing so or not doing so." Id. at 630 (quoting State v. Bogus, 223 N.J. Super. 409, 423 (App. Div. 1988). Trial counsel met that responsibility.

However, defendant takes issue with his attorney's underlying conclusion that it would have been unwise to testify. He argues the case for conviction was so strong after the State rested that

defendant's only hope for acquittal depended on his taking the stand in his own defense. Hindsight is twenty-twenty, but a PCR court must avoid "the distorting effects of hindsight." Strickland, 466 U.S. at 689. Who to call as a witness is a difficult strategic decision. State v. Pierre, 223 N.J. 560, 579 (2015). Defendant failed to show that his trial counsel was deficient. Indeed, aside from contending that he would have denied personally taking the victim's wallet, he provided no proffer of what he would have said on the witness stand to turn the tide of the trial.

Defendant's contention that trial counsel was deficient by failing to move to dismiss the felony-murder count lacks sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION